# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:99-cr-27

                                       District Judge Susan J. Dlott
  - vs -                      Magistrate Judge Michael R. Merz

GENE D. MOSES,

                Defendant.    :

## ORDER VACATING STAY; REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2255 to vacate a criminal judgment. District Judge Dlott, to whom the case is now assigned, has referred it to the Magistrate Judge (ECF No. 30).

Moses filed his § 2255 Motion on June 27, 2016 (ECF No. 23) and supplemented it on July 14, 2016 (ECF No. 25). On October 17, 2016, District Judge Beckwith, to whom the case was then assigned, stayed these proceedings on Motion of the United States (ECF No. 28) pending a decision by the United States Supreme in *Beckles v. United States*. The Supreme Court has now decided that case. *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). Accordingly, the stay of these proceedings is VACATED.

*Beckles* is fatal to Moses' claim. In their opinion, the Supreme Court held "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause.

1

The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11. Affirming *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), which held *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), does not control cases in which a person is classified as a career offender under the Guidelines.

Since Moses was sentenced as a career offender under the Guidelines rather than the Armed Career Criminal Act, *Beckles* undercuts his claim for relief based on *Johnson*. Moses' Motion and Amended Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).