# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:99-cr-27

                                District Judge Susan J. Dlott
  - vs -                       Magistrate Judge Michael R. Merz

GENE D. MOSES,

                Defendant.    :

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2255 to vacate a criminal judgment (Motion, ECF No. 23). It is before the Court on Defendant's Objections (ECF No. 32) to the Magistrate Judge's Report and Recommendations (ECF No. 31) recommending that the Motion be dismissed with prejudice.

As required by Fed. R. Civ. P. 72(b), the Court has reviewed the findings and conclusions of the Magistrate Judge and has considered de novo all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court overrules the Objections for the following reasons.

Moses sought relief from his classification as a career offender under the Sentencing Guidelines. He was sentenced to 235 months' imprisonment upon his conviction in May 1999 on a plea of guilty to two counts of bank robbery (Motion, ECF No. 23, PageID 1). He claims in

the Motion that his 1987 conviction for robbing a bank insured by the FDIC is no longer a crime of violence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. *Id.* at PageID 3. He argued that armed bank robbery would no longer qualify under the elements clause of the Sentencing Guidelines because the Supreme Court had previously held that the "force" element could only be satisfied by violent physical force. *Id.* at PageID 4-5, citing the earlier decision in *Johnson v. United States*, 559 U.S. 133 (2010).

District Judge Sandra Beckwith, to whom this case was assigned at the time the Motion was filed, stayed the case on the Government's Motion pending a decision by the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). In that case the Supreme Court held "[T]he [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11.

Based on that holding in *Beckles*, Magistrate Judge Merz, to whom the Motion was referred, recommended the Motion be dismissed (Report, ECF No. 31). Moses now objects that *Beckles* applies only to the Sentencing Guidelines as they became advisory by virtue of *United States v. Booker*, 543 U.S. 220 (2005). Moses notes that he was sentenced in 1999 while the Sentencing Guidelines were being treated as mandatory by the federal courts.

Moses is correct that *Beckles* does not address whether the vagueness doctrine applies to pre-Booker mandatory Guidelines sentences. *Raybon v. United States*, 867 F.3d 725 (6th Cir. 2017). However, in *Raybon* the Sixth Circuit also held that, because *Johnson* only holds the residual clause of the Armed Career Criminal Act unconstitutional (and not the residual clause of the Guidelines), it does not reopen the statute of limitations for § 2255 motions attacking

2

Guideline sentences. Moses' time to file a § 2255 motion expired one year after his conviction became final on direct appeal, to wit, ninety days after the Sixth Circuit affirmed his conviction and sentence on March 24, 2000, when his time to seek certiorari in the United State Supreme Court expired. Thus the statute of limitations expired June 23, 2001, and Moses' § 2255 Motion was not filed until June 27, 2016, more than fifteen years later.

Pursuant to controlling Sixth Circuit precedent, Moses' § 2255 Motion is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 12, 2018.

                                                     S/Susan J. Dlott_____
                                                     Susan J. Dlott
                                                     United States District Judge